**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| GREGORY DAVIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:17-CV-00233-RWS |
| | : | |
| ATLANTA RETAILERS | : | |
| ASSOCIATION, LLC, | : | |
| | : | |
| Defendant. | : | |

# ORDER

This action comes before the Court on Defendant's Motion to Dismiss for Failure to State a Claim [4].[1] After reviewing the record, the Court enters the following Order.

## Background

Plaintiff filed this action, *pro se*, on January 19, 2017. (Dkt. [1].) It appears to be a discrimination case based on Defendant's business practices.

[1] Also on the Docket is an entry entitled "Motion for the Court to Order Mediation and Motion for Production of Documents" [7], which was filed by Plaintiff on July 6, 2017. This is nothing more than Plaintiff's response to Defendant's Motion to Dismiss, along with a trio of discovery requests seeking documents pertaining to Defendant's business operations. Because this is neither a motion, nor the proper vehicle to conduct discovery, Doc. 7 is hereby **DENIED**.

Plaintiff, however, has provided little to no detail of Defendant's actual business operations. Nevertheless, Judge Evans extensively examined Defendant's business in another action. See generally Wilson v. Pepsi Bottling Grp., Inc., 609 F. Supp. 2d 1350, 1354–57 (N.D. Ga. 2009). Although the Court need not rehash that information here as it is neither a part of the record nor necessary for evaluating Defendant's Motion, suffice it to say that Defendant's members own, operate, and manage convenience stores in the state of Georgia, and Defendant's "articles of incorporation and bylaws require that member companies be majority owned by a person of the Ismaili Muslim faith." Id. at 1352. Plaintiff, thus, was denied membership and excluded from doing business with Defendant because he is not an Ismaili Muslim. (Compl., Dkt. [1] ¶ 6.) And that appears to be the crux of this litigation. In particular, Plaintiff seems to allege that Defendants have engaged in racial and religious discrimination by refusing to contract with him and other African American vendors and manufacturers or otherwise do business with those outside of the Ismaili Muslim faith. (Id. ¶¶ 2–6.) Plaintiff asks the Court to award damages based on this conduct and order mediation between the Parties. (Id. ¶ 7.)

## Discussion

### I. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (stating "[n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'"). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."



AO 72A
(Rev.8/82)

FindWhat Investor Group v. FindWhat.com, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999)). However, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Finally, because Plaintiff is acting *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 Fed. App'x 635, 637 (11th Cir. 2010).

## II. Analysis

The Court agrees with Defendant that Plaintiff's Complaint fails to state a claim for relief and must be dismissed under Federal Rule of Civil Procedure 12(b)(6). Defendant, in its briefing, has gone to great lengths to discuss eight claims that Plaintiff is possibly alleging in the Complaint. This, alone, evidences the incoherentness of Plaintiff's Complaint.

Plaintiff does not refer to any federal statute or adequately explain the nature of the claims he is attempting to raise against Defendant. It is neither Defendant's job, nor the Court's to pore over state and federal law to attempt to identify a cause of action that might fit Plaintiff's allegations. Rather, it is Plaintiff's burden to provide fair notice to Defendant as to the basis of his claims. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. But Plaintiff has not supplied any detail of Defendant's purportedly unlawful conduct, or explained how Defendant violated the law and why, as a result, Plaintiff is entitled to relief. Therefore, as submitted, Plaintiff's Complaint fails to state any viable cause of action sufficient to withstand Defendant's Motion to Dismiss.

Furthermore, Plaintiff has failed to identify the basis for the Court's jurisdiction on either the face of the Complaint or the Civil Cover Sheet that accompanies it. See FED. R. CIV. P. 8(a)(1). Instead, Plaintiff has indicated that the Court has subject matter jurisdiction because the United States Government is a plaintiff to the action. (See Dkt. [1-1].) That is obviously incorrect.

Defendant's Motion to Dismiss [4] is, therefore, **GRANTED**. Plaintiff

will be afforded 14 days from the entry of this Order to file an amended complaint that sets forth the basis for the Court's subject matter jurisdiction and makes clear precisely what relief Plaintiff is seeking and why he is entitled to that relief under existing law. The Court warns that failure to file an amended Complaint that complies with this Order may result in dismissal of this case under the Court's local rules. See LR 41.3(A)(2), NDGa.

In addition, the Docket entry entitled "Motion for the Court to Order Mediation and Motion for Production of Documents" [7] is **DENIED**.

**SO ORDERED**, this 9th day of January, 2018.

**RICHARD W. STORY**
United States District Judge



AO 72A
(Rev.8/82)